IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMSPON, | ) |
| | ) Civil Action No. 12-958 |
| Plaintiff, | ) |
| vs. | ) |
| | ) Judge Arthur J. Schwab/ |
| TODD J. HOLLIS | ) Magistrate Judge Maureen P. Kelly |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 1, be denied.

## II. REPORT

Lynne Thompson,[1] ("Plaintiff") is a prisoner who previously filed several lawsuits, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, she has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)

---

[1] The Court takes judicial notice of the fact that Lynne Thompson is also known as "Lynne Lamar" and "Lynne L. Thompson" and "Lynne Lamar Thompson."

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx

(site last visited 8/16/2012). See also Lynne Lamar Thompson v. Plum Boro Administration, No. 07-CV-26 (W.D. Pa. ECF No. 2) (Report recommending denial of IFP status to "Lynne Lamar Thompson" and relying on cases filed by "Lynne Lamar").

("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

This Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: 1) Lamar v. Onyundo, No. 95-CV-568 (W.D. Pa., ECF No. 4 (R&R recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting R&R)); 2) Lamar v. McDaniels No. 95-CV-640 (W.D. Pa., ECF No. 8 (R&R recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting R&R)); and 3) Lamar v. Commonwealth of Pennsylvania and Judge McDaniel, No. 97-CV-1566 (W.D. Pa., ECF No. 16 (R&R recommending grant of motions to dismiss for failure to state a claim), and ECF No. 17 (Memorandum Order adopting R&R)). In fact, Plaintiff has more

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

than three strikes. See also Lamar v. Packard, No. 01-CV-1333 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) for failure to state a claim); Lamar v. Attorney-at-law Robert Marcus, No. 02-CV-225 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) as frivolous). Moreover, the United States Court of Appeals for the Third Circuit has found that Plaintiff has three strikes against her. See, e.g., Thompson v. Plum Boro Admin., No. 07-2278 (3d Cir.). Accordingly, because Plaintiff has at least three strikes, she may not proceed IFP. Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff's Complaint alleges only that Todd Hollis, who was an attorney, was hired by Plaintiff but when she later tried to fire him and recoup the fee that she had allegedly paid to him, he failed to return the fee. Plaintiff also alleges that despite her firing of Todd Hollis, he continued to represent her. Plaintiff alleged that this occurred in November, 2011.

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent.

Because Plaintiff herein has failed to allege anything that would permit her to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

### III.  CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure

to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

<u>/s/Maureen P. Kelly</u><br>
MAUREEN P. KELLY<br>
U.S. MAGISTRATE JUDGE

Date:  August 24, 2012

cc:    The Honorable Arthur J. Schwab
      United States District Judge

      LYNNE THOMPSON
      OT 0636
      SCI Muncy
      P.O. Box 180
      Muncy, PA 17756